IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEXIS C. NORMAN <br> (BOP No. 49210-177) <br><br> Plaintiff, <br><br> v. <br><br> FMC CARSWELL WARDEN, <br> MICHAEL CARR et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:21-cv-630-O |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss, filed November 2, 2021, which the Court, on November 8, 2021, converted into a Motion for Summary Judgment (hereinafter, "Defendants' Motion for Summary Judgment") (ECF No. 24); Defendants' Brief in Support of Summary Judgment Regarding Exhaustion of Administrative Remedies (ECF No. 27), filed December 8, 2021; and Appendix in Support of Defendants' Motion for Summary Judgment Regarding Exhaustion of Administrative Remedies (ECF Nos. 28, 28-1), filed December 8, 2021. After consideration of the motion, legal briefing, evidence, record, and applicable law, and for the reasons that follow, the Court **grants** Defendants' Motion for Summary Judgment (ECF No. 24) and **dismisses** Plaintiff's claims for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

### I.   BACKGROUND

#### A.   Plaintiff's Allegations

On May 6, 2021, Plaintiff Alexis Norman filed this *pro se* civil rights lawsuit against Michael Carvajal, Director of the Federal Bureau of Prisons, and Michael Carr, Warden of Federal Medical Center Carswell (FMC Carswell). Norman filed her Amended Complaint, the live

pleading, on June 30, 2021 (ECF No. 12), and her answers to the Court's questionnaire on July 30, 2021. ECF No. 14. Among other things, Norman alleges that she and other inmates at FMC Carswell were not receiving their incoming mail, including general correspondence, publications, and religious materials. Am. Compl. 6-9, ECF No. 12. Norman contends the problems began on July 12, 2019, after Warden Carr issued a memorandum to the inmates informing them of changes to incoming inmate correspondence procedures. *Id.* at 6. Norman contends that Defendants have violated her constitutionally protected rights under the First Amendment and have violated the Religious Freedom Restoration Act ("RFRA"). After screening the Amended Complaint and Plaintiff's answers to the Court's questionnaire, the Court allowed service of process on Defendants.

        **B.**     **Defendants' Motion for Summary Judgment**

On November 2, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, they argued that Norman failed to exhaust her administrative remedies and failed to state a claim. On November 8, 2021, the Court determined that Defendants were relying on matters outside the pleadings to support their motion to dismiss, *sua sponte* converted the motion to dismiss to a motion for summary judgment, and ordered Defendants to supplement the motion for summary judgment with evidence and additional briefing to support the contention that Norman failed to exhaust administrative remedies. Order, ECF No. 26. The Court allowed Norman thirty days to file any response to the motion for summary judgment. *Id.*

On December 8, 2021, Defendants filed a supplemental brief in support of their motion for summary judgment regarding exhaustion of administrative remedies, as well as an appendix in support. Defs.' Summ. J. Brief (ECF No. 27); Defs.' Summ. J. App. (ECF Nos. 28, 28-1).

No response has been received from Norman and more than adequate time has elapsed.

**II.     LEGAL STANDARD**

Summary judgment is proper when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion for summary judgment. *Id.* at 250.

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Because

3

exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies under the PLRA

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available," and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 (2001). As a result, "a court may not excuse a

4

failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 265) (internal quotations omitted). Exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021); *see also Covarrubias v. Foxworth*, No. 6:13-cv-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint," rather than any amended complaint). Also, when a prisoner can no longer comply with the exhaustion requirement because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F. 3d 278, 280-81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation marks omitted) (citing *Booth*, 532 U.S. at 740 n.5; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

**B.     Application of Exhaustion to Norman's Records**

As an inmate at FMC-Carswell, Norman was required to exhaust the BOP's multi-step grievance process prior to filing her lawsuit. *See Hicks v. Garcia*, 372 F. App'x 557, 557 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act,

5

inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action"). Codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 et seq. First, a prisoner must attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id.* §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, she may appeal to the BOP's regional director. *Id.* § 542.15(a). If the prisoner is unsatisfied with the regional director's response, she may appeal to the BOP's general counsel. *Id.* The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare," the Warden must respond within three days after filing. *Id.* § 542.18.

Defendants have filed a motion for summary judgment in which they contend they are entitled to "summary judgment in their favor because Norman failed to exhaust administrative remedies." Defs.' Summ. J. Brief 6 (citation omitted), ECF No. 28. As previously noted, Defendants have attached an appendix in support of their motion for summary judgment. Defs.' Summ. J. App., ECF No. 28-1. Among other exhibits, the appendix includes the Declaration of BOP Executive Assistant Churee Costly with attachments. *Id.* at Ex. F, ECF No. 28-1 at 43-51 (Costly Decl.) and at 52-75 (attachments to Costly Declaration). Costly recites that it is her responsibility to oversee the administrative remedy program at FMC-Carswell. *Id.* at Ex. F, ECF No. 28-1 at 43. She declares that she has attached the BOP computerized records ("Sentry") of the Administrative Remedy Generalized Retrieval for Norman. *Id.* at Ex. F, ECF No. 28-1 at 44 and at 52-75. Also included in the summary judgment appendix are excerpts from the BOP's Inmate Admission and Orientation Handbook describing the administrative remedy process and a redacted copy of Norman's intake interview demonstrating that she received the BOP's Admission and Orientation Handbook. *Id.* at Exs. C and D, ECF No. 28-1 at 26-30.

Here, the Court's review of the administrative-remedy records maintained by the BOP in

the ordinary course of business shows that Norman did not exhaust her administrative remedies with respect to her claims in this lawsuit. *Id.* at Ex. F, ECF No. 28-1 at 43-51 (explanation of Norman's administrative-remedy history in Costly's Declaration), and at 52-75 (printouts from BOP administrative-remedy record-keeping database for Norman).

The BOP's administrative-remedy records attached to Costly's Declaration show that Norman did have access to the administrative-remedy process and was able to successfully file (and administratively appeal) a number of administrative-remedy requests since July 12, 2019. *See id.* at Ex. F, ECF No. 28-1 at 42-75 (Costly Decl. ¶¶ 8.c, d, f). Specifically, on January 26, 2021, Norman appealed the Warden's and Regional Director's responses to a request for a post-COVID-19 individual health care plan. *See id.* at Ex. F, ECF No. 28-1 at 47-48 (Costly Decl. ¶ 8.f (Remedy ID 1048200)). On March 16, 2021, Norman appealed the Warden's and Regional Director's responses to a request to recalculate her earned time credits to the General Counsel. *See id.* at Ex. F, ECF No. 28-1 at 46-47 (Costly Decl. ¶ 8.c (Remedy ID 1034326)). On April 13, 2021, Norman appealed the Warden's and Regional Director's denials for home confinement to the General Counsel. *See id.* at Ex. F, ECF No. 28-1 at 47 (Costly Decl. ¶ 8.d (Remedy ID 1040525)). None of the three exhausted administrative remedies pertained to inmate mail.

The summary judgment evidence submitted by Defendants also demonstrates that Norman has submitted various other requests for administrative remedies at each level since July 12, 2019; however, none are related to inmate mail, correspondence, or publications. *See generally id.* at Ex. F, ECF No. 28-1 at 42-75. BOP records, however, reflect that on March 24, 2021, Norman sent an e-mail to FMC Carswell's Administrative Remedies general e-mail box—and to the e-mails for Receiving & Discharge, Mailroom, and Records Office (R&D/Mailroom/Records Office), the Associate Warden for Operations, the Associate Warden for Programs, and the Business Office— complaining that books ordered from outside sources were being returned to senders. *Id.* at Ex. E,

7

ECF No. 28-1 at 36-40. On April 4, 2021, the R&D/Mailroom/Records Office responded and informed Norman that a book was rejected according to policy. *Id.* at Ex. E, ECF No. 28-1 at 41. The uncontroverted summary judgment evidence submitted by Defendants demonstrates that Norman did not pursue the BOP's three-tiered formal administrative remedy process regarding this matter. *See generally id.* at Ex. F, ECF No. 28-1 at 42-75.

Defendants also have provided uncontroverted evidence that FMC Carswell's specific procedures and instructions on how to access the Administrative Remedy Program are provided to each inmate in FMC Carswell's Admission & Orientation Handbook. *Id.* at Ex. C, ECF No. 28-1 at 26-28. Inmates are instructed to utilize a cop-out or Informational Resolution Form to seek an informal resolution from the relevant staff member. *Id.* at Ex. C, ECF No. 28-1 at 28. If the informal resolution is unsuccessful, an inmate must submit a BP-9 to her Correctional Counselor, who will deliver it to the Administrative Remedy Coordinator. *Id.* at Ex. C, ECF No. 28-1 at 28. Inmates are informed that a BP-9 will be rejected unless it is processed through staff and provided instructions for appealing a Warden's response to the Regional Director (BP-10) and General Counsel (BP-11). *Id.* at Ex. C, ECF No. 28-1 at 28. Norman received a copy of the Admission & Orientation Handbook on May 31, 2019. *Id.* at Ex. D, ECF No. 28-1 at 30.

  **C.**  **Norman's Assertions in her Amended Complaint Concerning Exhaustion**

Although Norman has not filed a response to Defendants' motion, and therefore has not controverted the summary judgment evidence upon which Defendants rely, the Court will nevertheless address Norman's contentions in her Amended Complaint that she has exhausted her administrative remedies or that she should be excused from exhaustion.

On her form complaint, Norman checks that she has exhausted all steps of the BOP's grievance procedure. Am. Compl. 3, § 3 (ECF No. 12). She states she "filed a request for

Administrative Remedy via email on March 24, 2021, per BOP Policy [and] no response was provided within the 20-day timeframe." *Id.* at 10. She states that without a response in writing, she could not proceed to the next Administrative Remedy level and, therefore, states she exhausted her administrative remedies. *Id.*

The Court rejects Norman's contention that she exhausted her administrative remedies by submitting the March 24, 2021 e-mail. BOP policy and procedure instructed Norman to first attempt an informal resolution utilizing a cop-out or Informal Resolution Form to the relevant staff member. Defs.' Summ. J. App. at Ex. B, ECF No. 28-1 at 20-21; *id.* at Ex. C, ECF No. 28-1 at 28. The March 24, 2021 e-mail to Administrative Remedies was not a proper attempt at an informal resolution. Further, Norman sent the same e-mail to the R&D/Mailroom/Records Office on March 24, 2021, and the R&D/Mailroom/Records Office responded in writing on April 4, 2021. *Id.* at Ex. E, ECF No. 28-1 at 41. Even assuming Norman mistakenly considered her e-mail to be attempt at informal resolution under BOP guidelines, her claim that she could not appeal to the next level because she had no response in writing lacks merit. The uncontroverted evidence shows that the R&D/Mailroom/Records Office responded to her e-mail and she did not thereafter appeal to the next level.

Further, after reviewing the uncontroverted summary judgment record, the Court agrees with Defendants that "there is no evidence that Norman was confused about how to properly raise any grievances." Defs.' Summ. J. Brief 8, ECF No. 27. The record before the Court demonstrates that Norman had knowledge of the proper procedures and used the administrative remedy process to grieve other matters. The summary judgment record reveals that since July 12, 2019, Norman has submitted 19 different requests for administrative remedies at the institution. *See generally* Defs.' Summ. J. App. at Ex. F (Costly Decl.), ECF No. 28-1 at 42-51. She appealed the institution's

responses in nine of the requests. *Id.* at Ex. F, ECF No. 28-1 at 45-50 (Costly Decl. ¶¶ 8.b, c, d, f, i, j, k, m). Between January 2021 to June 2021, around the time she filed the instant lawsuit, she properly exhausted three of her requests through the general counsel level. *Id.* at Ex. F, ECF No. 28-1 at 46-48 (Costly Decl. ¶¶ 8.c, d, f). Thus, records establish that Norman had "access to the administrative remedy process and was able to successfully file (and administratively appeal) a number of administrative requests" in the two-year time period the purported mail violations occurred and before this lawsuit was filed. *Mixon v. Carr*, No. 4:20-cv-854-P, 2021 WL 5052659, at \*4 (N.D. Tex. Nov. 1, 2021) (finding plaintiffs had access to the administrative remedy process where they had successfully filed and appealed requests at or around the time the lawsuit was filed).

The Court also finds unavailing Norman's assertion that she should be excused from the exhaustion requirement or that administrative remedies are unavailable to inmates because staff are nonresponsive to their grievances. *See* Am. Compl. 10, ECF No. 12 (stating that other inmates have attempted to submit requests but were denied). The uncontroverted summary judgment evidence set forth above demonstrates Norman's knowledge of the process and her ability to grieve multiple matters, and that staff instructed her what was necessary to correct insufficient requests and appeals. Defs.' Summ. J. App. at Ex. F (Costly Decl.), ECF No. 28-1 at 45-46 (Costly Decl. ¶¶ 8.b, c, d, i). In addition, the Fifth Circuit has held that exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (citation omitted). Norman has failed to show that there was no possible form of relief or action that Defendants could have provided through the administrative remedy process. *See, e.g.*, *Mixon*, 2021 WL 5052659 at \*6 (concluding that administrative relief is "available" so

long as the administrator has the "authority to take some action in response to the complaint") (citing *Booth*, 532 U.S. at 736). Here, the uncontroverted summary judgment evidence shows that Norman's complaints were acknowledged, but she failed to initiate the exhaustion process. Defs.' Summ. J. App. at Ex. E, ECF No. 28-1 at 32-35, 41 (showing the mailroom and Associate Warden responding to complaints about mail).

In sum, the uncontroverted summary judgment evidence shows that Norman knew how to access the Administrative Remedy Program, that her March 24, 2021 e-mail was an improper and insufficient attempt to initiate the administrative remedy process, and that she did not pursue exhaustion of her First Amendment or RFRA claims. Because the PLRA requires proper exhaustion and the Court may not excuse a failure to exhaust, Norman is not excused from her failure to exhaust administrative remedies.

## IV.   CONCLUSION

For the reasons stated herein, the Court concludes that Defendants have established for summary-judgment purposes that an administrative-remedy process was generally available to Plaintiff Norman and that she failed to exhaust her administrative remedies. Plaintiff Norman has failed to identify any genuine dispute of material fact concerning the availability of the administrative-remedy process. Norman could have exhausted administrative remedies prior to filing suit but did not. Thus, summary judgment in Defendants' favor is warranted.

Accordingly, the Court **grants** Defendants' Motion for Summary Judgment (ECF No. 24) and **dismisses without prejudice** Plaintiff's claims for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Pursuant to Federal Rule of Civil Procedure 58(a), the Court will issue a final judgment separately.

**SO ORDERED** this **25th day** of **January, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**